**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILBERT RAMIREZ, | No. 20-15825 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00827-TLN-KJN |
| v. | |
| E. ROSE, Correctional Officer, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

California state prisoner Gilbert Ramirez appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging excessive force.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2014) (en banc). We affirm.

The district court properly granted summary judgment because Ramirez did not exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (setting forth circumstances when administrative remedies are effectively unavailable).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**